UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK SUNDSTROM,

        Plaintiff,

                                          Case No. 11-14455
v.                                         Honorable David M. Lawson

MASTER-HALCO, INCORPORATED,

        Defendant.

_____/

## ORDER DENYING MOTION TO DISMISS

On October 11, 2011, the defendant removed the present action from the Wayne County, Michigan circuit court. The complaint was originally filed in that court on September 12, 2011. On October 18, 2011, the defendant filed a motion styled as a motion to dismiss in lieu of an answer to the plaintiff's complaint. Attached to the defendant's motion were eleven exhibits, including emails, a code of conduct, and excerpts from a company handbook. None of these documents were part of the pleadings. To date, no discovery has been conducted in the case.

"If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all material that is pertinent to the motion." Fed. R. Civ. P. 12(d). Rule 12(d) "empowers a district court to grant summary judgment *sua sponte* where the court is presented with materials outside the pleadings. Whether a district court must provide notice that it intends to convert a motion to dismiss into a motion for summary judgment depends on the facts and circumstances of each case." *Hayes v. Equitable Energy Res. Co.,* 266 F.3d 560, 571 (6th Cir. 2001). However, the Sixth Circuit has found that summary judgment motions, as a matter of discretion, may be found premature where discovery has

not commenced. *See McKinley v. City of Mansfield,* 404 F.3d 418, 443 (6th Cir. 2005) (holding that summary judgment was premature and "the district court abused its discretion because at the time of its highly restrictive discovery order, *no* discovery had occurred and the court offered no explanation for limiting discovery"); *Vance By and Through Hammons v. United States,* 90 F.3d 1145, 1149 (6th Cir. 1996) (reversing summary judgment because "*no* discovery was conducted before the motion for summary judgment was filed and decided").

The defendant's motion is styled as a motion to dismiss; however, the defendant has attached to their motion papers documentary evidence that is not part of the pleadings. The Court will not grant a motion to dismiss based on evidence outside of the pleadings. Nor will the Court convert the motion or grant a motion for summary judgment in this case where no discovery has been conducted. Therefore, the Court will deny the plaintiff's motion.

Accordingly, it is **ORDERED** that the defendant's motion to dismiss [dkt. #3] is **DENIED**.

                                        s/David M. Lawson
                                        DAVID M. LAWSON
                                        United States District Judge

Dated: October 21, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 21, 2011.

                              s/Deborah R. Tofil
                              DEBORAH R. TOFIL